UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY J. WOODS | ) | CIVIL ACTION NO. |
| | ) | |
| VERSUS | ) | |
| | ) | |
| MAYOR LATOYA CANTRELL, officially | ) | SECTION: **20-00482** |
| CITY OF NEW ORLEANS, officially | ) | |
| FRENCH MARKET CORPORATION, officially | ) | MAGISTRATE: |
| KATHLEEN TURNER, officially and individually | ) | **SECT. I MAG. 4** |
| RHONDA SIDNEY, officially and individually | ) | |
| N'GAI SMITH, officially and individually | ) | **JURY DEMAND** |
| ROBERT MATTHEWS, officially | ) | |
| Elizabeth S. Robins, officially and individually | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| FILED:_____, 2019 | ) | |
| | ) | CLERK OF COURT |

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

## PETITON FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

I.

### JURISDICTION AND VENUE

Jurisdictional authority is invoked pursuant to U.S. Constitution Article III § 2 clause 1, 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in accordance with 28 U.S.C. § 1391.

II.

### PARTIES

1. Anthony Woods is a person of full age of majority and domicile in the Parish of Saint Bernard.

2. Mayor Latoya Cantrell is the Chief Executive Office for the municipality of the City of New Orleans.

1

37    3. City of New Orleans in the municipality for Orleans Parish.

38    4. French Market Corporation is a non-profit corporation authorized and doing business in
39       the State of Louisiana.

40    5. Kathleen Turner is a person of full age of majority, and Director of French Market
41       Corporation, who domicile in the Parish of Orleans.

42    6. Rhonda Sidney is a person of full age of majority, and Director of Human Resources for
43       the French Market Corporation, and domicile in the Parish of Orleans.

44    7. N'Gai Smith is a person of full age of majority and domicile in the Parish of Orleans.

45    8. Robert Matthews is a person of full age of majority and domicile in the Parish of Orleans.

46    9. Elizabeth S. Robins is a person of full age of majority and Deputy City Attorney for the
47       City of New Orleans.

48                                              III.

49                                   NATURE OF THE CASE

50       This civil action is being brought to redress violation of U.S. Constitution 1st
51    Amendment; U.S. Constitution 14th Amendment Due Process; prohibited discriminatory
52    employment practices in violation of Title VI and VII of the Civil Rights Act of 1964, 42
53    U.S.C. § 1981, 42 U.S.C. §§ 1983, 1985 (2) and (3) and 1986; 42 U.S.C. § 2000(e) et seq.;
54    Hostile Work Environment; Harassment; La. Doctrine of Abuse of Rights; La. Doctrine of
55    Continuing Tort; La. C.C. art. 2315 Libel and Slander, 2316 , 2320, 2324, Intentional
56    Infliction of Emotional Distress, Mental Anguish, Continuous Torts, and La. Rev. Stat:
57    9:5605.

58

59

60                                                 IV.

61                                   STATEMENT OF THE CASE

62      Plaintiff is a Black male and a member of a minority protected class, who has a property
63  interest and right in his job position.

64      Plaintiff, prior to instituting this civil action, plaintiff exhausted his administrative remedies
65  through EEOC, filed charges of discrimination, and was provided a Notice of Right to Sue. See
66  **Exhibits A.**

67      The City of New Orleans receives federal and state assistance and therefore are subject to
68  United States and Louisiana constitutions, federal and state procedural and statutory laws, Code
69  of Federal Regulations and state administrative laws.

70      Plaintiff as a private citizen and permanent civil service employee has standing to institute
71  this civil action in federal court for injuries, causation and redressability for sustained damages in
72  his person and property.

73      Plaintiff contends that, at all times relevant herein, defendants were operating under color of
74  state law and their conduct was in violation of his protected federal and state constitutional and
75  statutory rights.

76      On April 1, 2013, plaintiff filed an application and was hired by French Market Corporation
77  (hereinafter referred to as French).

78      Plaintiff was initially hired as a laborer and reassigned to the position of painter.

79      Defendant, Kathleen Turner (hereinafter referred to as Turner), Executive Director assigned
80  N'Gai Smith (hereinafter referred to as Smith) as plaintiff immediate Supervisor.

81      During plaintiff tenure of employment with French, Turner delegated power of authority to
82  Smith to discipline, suspend, change work conditions, etc.

3

83      Defendant, Rhonda Sidney (hereinafter referred to as Sidney), was the Director of Human
84      Resources.

85      On August 23, 2019, plaintiff engaged in a protected activity on his day off from French, and
86      brought his application for leave of pay to acting Supervisor Robert Matthews (hereinafter
87      referred to as Matthews).

88      Upon arrive at French, plaintiff entered into the maintenance office occupied by Matthews
89      and placed the leave form on the desk of Mr. Matthews for signature and copies to file in
90      plaintiff folder and record of Human Resources.

91      Mr. Matthews was engaged in a personal telephone call and became irate apparently because
92      plaintiff interrupted him while he was conducting his personal business on the phone, and he
93      threw the leave from on the floor.

94      Plaintiff bent down to pick up the form only to observe that, Mr. Matthews was standing over
95      him with a screwdriver in one hand and radio in the other hand in an attack position.

96      Plaintiff, in self-defense fearing for his life and potential bodily injuries from the objects in
97      the hands of Mr. Matthews reflex reacted and subdued the supervisor by grabbing his hand and
98      pushing him against the wall.

99      The incident lasted a very short period of time, and Mr. Matthews said, "I thought we were
100     playing."

101     Plaintiff and Mr. Matthews proceeded, after the incident, and collectively rode up the
102     elevator to copy the document and down the elevator after copying the document.

103     Plaintiff avers that, the Department of Human Resources was a short distant from the
104     maintenance office occupied by Matthews, but he never went there to report the incident to
105     Rhonda Sidney (hereinafter referred to as Sidney) or Security on staff.

4

106    On August 23, 2019, Turner drafted a NOTICE OF TERMINATION and forward it to
107    plaintiff alleging violation of Civil Service Rule XI.1.1.

108    Defendant French holds itself out to be an Equal Opportunity Employer operating under the
109    rules of Civil Service, Employment laws of the State of Louisiana and United States.

110    Plaintiff avers that, he was never contacted by his immediate Supervisor Smith.

111    Plaintiff has a property right and interest in his job position with French and is entitled to a
112    grievance process prior to termination of his employment.

113    Turner, on behalf of French, took adverse employment action and terminated plaintiff
114    without affording him an opportunity to be heard or a grievance process.

115    On August 26, 2019, plaintiff in accordance with Civil Service Rules filed an appeal to the
116    Commission of Civil Service for disciplinary action taken against him in contravention of his
117    constitutional rights, civil service rules and policies of French.

118    On August 27, 2019, plaintiff received a correspondence from City of New Orleans,
119    Department of City Civil Service scheduling a hearing date for appeal on October 24, 2019.

120    On September 5, 2019, after the scheduling of the appeal, Turner drafter a second
121    correspondence titled NOTIFICATION OF EMERGENCY SUSPENSION and NOTICE OF
122    PRE-TERMINATION HEARING, informing after termination, a 30 days emergency suspension
123    without pay beginning August 29, 2019.

124    On September 20, 2019, plaintiff received a second notice of termination from Turner
125    alleging basically the same falsified reasons in justification for her adverse employment actions
126    against his unsupported by a scintilla of proof.

127    Plaintiff avers that, the contents of Turner's first and second notice was fabricated and

128    disseminated false accusations charging him with crimes, use of profanity, and making threats of

129    bodily harm on Matthews.

130    Plaintiff avers that, Elizabeth S. Robins, staff attorney for City of New Orleans, made contact

131    with him but refused to identify herself and solicited him to agree to waiver of his appeal to civil

132    service commission regarding August 23, 2019, termination of his job position.

133    Attorney Elizabeth S. Robins improperly influenced civil service commission to declare

134    plaintiff's appeal as moot, on the basis his termination was rescinded on September 5, 2019, and

135    to remove his appeal from the docket in which she succeeded.

136    On September 11, 2019, attorney Elizabeth S. Robins sent an email to Stacie E. Joseph

137    requesting a continuance of the hearing set for appeal on October 24, 2019, due to City attorney

138    mandatory in-service meeting.

139    Defendant, Elizabeth S. Robins fraudulently misrepresented to Stacie Joseph that appeal no.

140    9067 had been resolved on the basis of an agreement with plaintiff or withdrawal of their

141    disciplinary action.

142    Plaintiff contends that, attorney Elizabeth S. Robins disguised herself from plaintiff and was

143    acting in representation of French and Turner as their lawyer and prior to completion of

144    suspension date in attempt to correct the wrongful termination.

145    On September 23, 2019, attorney Robins represented to Stacie Joseph that, she would file a

146    MSD to Woods appeal requesting removal of the appeal and the matter be placed before the

147    Commission when she file the MSD.

148    Plaintiff avers that, attorney Robins never filed a MSD as represented to Civil Service

149    Commission.

6

150     Plaintiff upon receiving a second notice of termination was compelled to file a second appeal
151     to civil service commission to challenge the validity and veracity of the adverse employment
152     action being imposed upon him by Elizabeth S. Robins and Turner conspiratorial,
153     discriminatory, and unlawful employment practices.

154     On November 21, 2019, an appeal was conducted by the Commission regarding termination
155     of plaintiff job position.

156     During the hearing, it was ascertained that, Turner and Sidney collaborated to file the notice
157     of terminations predicated on their conjectures and perceptions of the event between Matthews
158     and plaintiff.

159     Plaintiff contends that, administrative and managerial staff members of French had a
160     ministerial duty to investigate but exercised discretion and failed to do so.

161     Plaintiff avers that, his immediate supervisor Smith had a duty to investigate the incident
162     between plaintiff and Matthews and report to management and administration but failed to do so.

163     During the hearing on appeal, Matthews provided conflicting testimony under oath to the
164     disposition of French, Turner, Sidney and attorney Elizabeth S. Robins of the incident that
165     occurred on August 23, 2019.

166     Plaintiff avers that, defendants acted in concert to deprive and deny his freedom of speech to
167     contest the allegations made against him.

168     Plaintiff avers that, defendants falsely and wrongfully terminated his employment without
169     providing a right to confront his accusers and evaluate the evidence against him before
170     termination of his job position.

171     Plaintiff avers that, administration/management celebrated by pronouncing his termination in
172     a group meeting at French Market Corporation facility before the employees.

173     Plaintiff contends that, defendants' justification for his termination is pretexual.

174     Defendants concocted a scheme falsely accusing plaintiff of criminal activities, summoned

175     N.O.P.D. to arrest him, and publicized and disseminated false statement with the knowledge of

176     its falsity.

177     Plaintiff avers that, prior incidents contributed to creating a hostile work environment

178     towards him by staff members and employees.

179     Plaintiff avers that, defendant deprived and denied him of his fundamental right under federal

180     and state constitution and statutes asserted in this complaint.

181     Plaintiff contends that, acts and omissions of defendant constitutes violation of Civil Service

182     Rules and Employment policies of French.

183     Plaintiff contends that, defendants acted in concert under color of state law to deprive and

184     denied him of protected rights under the laws of the United States and Louisiana.

185     Plaintiff contends that, acts and omissions of defendants was in violation of his civil liberty

186     and right to freedom of speech and right to redress of his grievance in violation of United States

187     Constitution First Amendment and Louisiana Constitution Article I § 22.

188     Plaintiff contends that, acts and omissions of defendants failed to provide him procedural and

189     substantive due process, equal protection of law in violation of United States 14th Amendment

190     and Louisiana Const. I § 2, no action was taken against Matthews.

191     Defendant Turner delegated power and duties to Smith to monitor and evaluate plaintiff and

192     terminate him for any reasons.

193     Plaintiff reported his concerns to Sidney, who failed to take any action on his behalf to

194     address job related concerns.

8

195     Plaintiff was the primary care provider for his terminally ill wife, when his immediate
196     supervisor Smith, who suspended him for ten days without reason which was overruled by civil
197     service commission.

198     Plaintiff was suspended by Smith on the basis that he was unable to locate him when in fact
199     the supervisor was not at work during the allege time plaintiff was missing.

200     Plaintiff contends that, Turner, Sidney and Smith are very light skinned people who are bias
201     and prejudice against him because he is dark skinned.

202     Plaintiff contends that, French, Turner, Sidney and Smith discriminated against him because
203     of his color.

204     Plaintiff contends that, defendants French, Turner and Sidney refused to promote him
205     because of his color a dark-skinned black man.

206     Plaintiff contends that, light-skinned employees were treated better than he was treated by
207     Turner and Sidney.

208     Plaintiff avers that, Smith verbally and physically assaulted employees in the presence of
209     others and was recommended to anger management training which did not deter his demeanor.

210     Plaintiff employment was terminated by French, Turner and Sidney for allegedly committing
211     an act of assault on a supervisor.

212     Plaintiff avers that, he reported his religious convictions and practices to Smith and asked
213     that his right to weekends office be recognized.

214     Plaintiff avers that, Smith after being informed of his religious practices changed his work
215     schedule to compel his to work on weekend performing other job duties besides painting.

216     Plaintiff avers that, French, Turner and Smith formed a paint crew to fulfill his job duties and
217     responsibilities after termination of his employment.

218     Plaintiff, during his tenure of employment, was classified as a painter and was forced to work
219     alone.

220     Plaintiff avers that, Smith called him and another employee lazy shiftless N words in the
221     presence of other employees, and neither Turner nor Sidney took any corrective action after
222     being informed of the incident.

223     Plaintiff contends that, French, Turner, Sidney and Smith was insensitive to his role to
224     provide health care for his terminally ill wife, who underwent lung transplant to save her life.

225     Plaintiff avers that, defendants ignored his religious practice and despitefully scheduled him
226     to work weekends.

227     Plaintiff contends that, defendants acted in concert to retaliate against him because he
228     exercised his protected right for work-place violations imposed on him by Turner, Smith and
229     now Matthews.

230     Plaintiff avers that, Turner/Smith have scheduled weekends off for Matthews since the
231     termination of his employment

232     Plaintiff contends that, defendants acted in concert and conspired to terminate his
233     employment.

234     Plaintiff contends that, Turner authorized and commissioned Smith to harass him during his
235     tenure of employment without corrective action to ensure his rights as an employee of French.

236     Plaintiff contends that, City of New Orleans, French, Turner or Sidney knew of the violations
237     going on or should have known of the violations going on, had the power to prevent the
238     violations and chose not to prevent civil and criminal violations against him.

239     Attorney Elizabeth S. Robins acted respondeat superior on behalf of City of New Orleans.

240     Defendants Turner, Sidney and Smith acted respondeat superior on behalf of French.

10

241      Plaintiff contends that, defendant City of New Orleans is vicariously liable for the acts and
242 omissions of their non-profit corporation administration and managerial staff tortious conduct.

243      Plaintiff contends that, French Executive Director, Director of Human Resources and Staff
244 Supervisor constitutes an abuse of rights strictly deployed to cause injuries to his personal and
245 property.

246      Plaintiff avers that, defendants acts and omissions intentionally inflicted emotional distress
247 on him.

248      Plaintiff avers that, he has suffered mental anguish as a result of defendants' unlawful
249 employment practices.

250      Plaintiff avers that, attorney Elizabeth S. Robins were unethical in violation of Louisiana
251 Professional Code of Conduct rule 3.3, inter alia.

252      Plaintiff avers that, Civil Service Commission has not reached a determination of his appeal,
253 and defendants' actions are continuous requiring court's intervention.

254      Plaintiff avers that, without court intervention social, economic, personal and property
255 damages suffered as a result of defendants violation against plaintiff will perpetuate.

256      Plaintiff in the interest of justice seeks redress of his aggrieved right and interest
257 circumvented by conduct of defendants.

258                            V.

259 RACIAL DISCRIMINATION CLAIMS CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981

260    a. Termination of Employment

261      Anthony Woods asserts unlawful termination, retaliation, failure to promote and hostile
262    work environment in violation of his civil rights.

11

263     Section 1981(a) provides that "[a]ll persons within jurisdiction of the United States shall

264     have the same right in every State and Territory to make and enforce contracts, to sue, be parties,

265     give evidence, and to the full and equal benefit of all laws and proceedings for the security of

266     persons and property as is enjoyed by white citizens, and shall be subject to like punishment,

267     pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

268                                         VI.

269                         CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1983

270     In pertinent parts, provides Every person who, under color of any statute, ordinance,

271     regulation, custom, or usage, of any State....subjects, or causes to be subjected, any citizen of the

272     United States... to the deprivation of any rights....secured by the Constitution... shall be liable

273     to the party injured in any action at law, suit in equity, or other proper proceeding for redress...

274                                         VII.

275                         EXHAUSTION OF ADMINISTRATIVE REMEDIES

276     Plaintiff avers that, prior to institution of this civil action that he exhausted his

277     administrative remedies through EEOC, filed charges of discrimination and obtained a Notice of

278     Right to Sue letter. Charge No. 461-2019-02807.

279                                         VIII.

280                         SUFFICIENCY OF COMPLAINT

281     Plaintiff contends that, pursuant to FRCP Rule 8(a)(1), (2) and (3) this complaint is

282     sufficiently plead to meet the material requisites of the federal and state claims asserted herein,

283     notifies defendants of what are the claims against them warranting an answer.

284

285

                                            12

286                                    IX.

287                            PRAYER FOR RELIEF

288    1. Plaintiff prays this Honorable Court enforce the U.S. Constitution 7th Amendment to
289       allow this case to be tried by jury for all issues so triable.

290    2. Plaintiff prays defendants are found in violation of the claims asserted in this
291       complaint.

292    3. Plaintiff prays this Honorable Court find defendants liable insolido, jointly and
293       severally.

294    4. Plaintiff prays this Honorable Court find entities defendants vicariously liable for acts
295       of their respective servants and employees.

296    5. Plaintiff prays this Honorable Court awards compensatory and punitive damages
297       against defendants.

298    **WHEREFORE,** plaintiff prays this Honorable Court issues summons and complaint on

299    defendant parties, and they are made to appear and answer same, Plaintiff further prays that, after

300    all due delays and proceedings, judgment is rendered in favor of plaintiff and against defendants

301    for all general and equitable relief proper in premise including but not limited to court costs,

302    attorney fees, out of pocket expenses, penalty and interest from the judicial date of demand until

303    paid in full.

304                                              Respectfully Submitted

305                        By: _Anthony A. Woods_
306                              Anthony Woods / In Proper Person
307                              3005 Packenham Drive
308                              Chalmette, LA. 70043
309                              (504) 575-8622
310                              2|11|2020
311
312

                                        13

**313**   **PLEASE ISSUE SUMMONS AND COMPLAINT:**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Anthony J. Woods**
    **3005 Pakenham Drive**
    **Chalmette, LA 70043**

From:  **New Orleans Field Office**
        **Hale Boggs Federal Building**
        **500 Poydras Street, Room 809**
        **New Orleans, LA 70130**

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **461-2019-02807** | **Mildred B. Johnson,**<br>**Intake Supervisor** | **(504) 595-2827** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Mildred B. Johnson*
    for   **Keith T. Hill,**
         **Director**

Enclosures(s)

*11/13/2019*
*(Date Mailed)*

cc:  **Rhonda L. Sidney**
    **Human Resources Director**
    **French Market Corporation**
    **1008 N. Peters Street**
    **New Orleans, LA 70116**

**PLAINTIFF'S
EXHIBIT**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA ☒ EEOC | 461-2019-02807 |

| Louisiana Commission On Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Anthony J. Woods | (504) 575-8622 | 1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3005 Pakenham Drive, Chalmette, LA 70043 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FRENCH MARKET CORPORATION,(CITY OF NEW ORLEANS) | 15 - 100 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 4100 Touro Street,  New Orleans, LA 70122 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2018    Latest: 08-23-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with French Market Corporation, (City of New Orleans) on April 1, 2012, most recently as a Painter, earning $16.00 hourly. In 2018 and 2019, I was constantly harassed and threatened to be terminated by Mr. Nagin Smith, Supervisor, (Hispanic). In early 2019, Mr. Smith called me a Nigger. I reported this to Ms. Kathleen Turner, Director, (Black). On August 23, 2019, I was in Mr. Robert Matthews office turning in paperwork when Mr. Roberts threw the paperwork at me and it fell to the floor. When I stood up from picking the papers up, Mr. Roberts was standing over me with a screwdriver in his hand. In reaction, I pushed Mr. Roberts away from me. I was discharged on August 23, 2019. The company employs over 15 persons.

According to the company I was discharged for alleged violation of the City's Policy 83, regarding Standard of Behavior.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10-21-2019    *Anthony J. Woods* | |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA <br> ☒ EEOC | 461-2019-02807 |

| **Louisiana Commission On Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

*I* believe I have been discriminated against because of my race, Black; Color, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that, French Market Corporation (City of New Orleans) did not terminate, light-skinned or Hispanics over the same.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 10-21-2019    *Anthony J. Woods* <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (month, day, year) |