**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTHONY WOODS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    20-482** |
| **THE CITY OF NEW ORLEANS, ET AL.** | **SECTION: "I" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Enforce Settlement (R. Doc. 99)** filed by the Defendants, the City of New Orleans (the "City"), Mayor Latoya Cantrell, French Market Corporation, Rhonda Sidney, N'Gai Smith, Robert Matthews, and Deputy City Attorney Elizabeth Robins (collectively "Defendants"). Defendants seek a Court Order to enforce the settlement confected between Plaintiff, Anthony Woods ("Woods" or "Plaintiff"), and Defendants. The motion is opposed. R. Doc. 100. This matter was referred to the undersigned under 28 U.S.C. § 636 (b)(1)(B) and (C).

I.    <u>Background</u>

    *A.    Introduction*

This case arises from Woods' employment with the French Market and his subsequent termination. R. Doc. 1. Woods alleged that he was the subject of a racial slur by his supervisor, N'Gai Smith. *Id*. Further, Woods alleged that he was the subject of on-going harassment by his supervisor and others at his workplace. *Id*. The record reflects that the City of New Orleans terminated Woods on August 23, 2019. *Id*. Woods then filed his EEOC complaint on October 21, 2019 as a result of his alleged harassment by Defendants. *Id*.

Woods asserted several claims including: 1) Title VII race discrimination based on Plaintiff's termination, French Market's alleged failure to promote him, and hostile work environment claim; 2) Race discrimination in violation of 42 U.S.C. § 1981 based on his termination; 3) Religious discrimination and retaliation under Title VII; 4) Violations of the First Amendment related to his termination brought under 42 U.S.C. 1983, with the individual defendants sued in both their individual and official capacities; 5)

Violations of the Fourteenth Amendment related to his termination, brought under 42 U.S.C. § 1983; and 6) A conspiracy in violation of 42 U.S.C. § 1985. *Id*.

The record shows that Defendants filed a Rule 12 motion to dismiss which was granted and reversed only on a limited basis by the Fifth Circuit. *See* R. Doc. 82. The remaining claim was a single count hostile work environment claim.

While the remaining claim was pending, a settlement conference was held before the undersigned on January 10, 2023. *See* R. Doc. 94-95. Plaintiff and his counsel as well as counsel for Defendants were present at this conference. A settlement was ultimately reached between the parties before the undersigned and was memorialized on the record. *See* R. Doc. 98. Specifically, Plaintiff agreed to accept $7,500.00 and in return, Plaintiff agreed to sign a settlement release and voluntarily dismiss his case. *See id*. The terms of the agreement were stated on the record and transcribed by a court reporter. *Id*.

### B.    *Instant Motion*

Defendants filed the instant motion on February 16, 2023. R Doc. 99. In the motion, Defendants allege that Plaintiff's counsel expressed that Plaintiff no longer intends to settle the case and refused to sign the circulated settlement agreement. *Id*. Defendants contend they gave Plaintiff a few weeks to reconsider his decision. *Id*. However, as of this date, Defendants allege that Plaintiff's counsel indicated that Plaintiff continues to refuse to sign the release, and no longer agrees to the terms of settlement reached on January 10, 2023, before the undersigned. Defendants now move to enforce the settlement. *Id*.

Plaintiff filed a response to Defendants' instant motion on February 28, 2022. R. Doc. 100. Plaintiff asserts and does not dispute that Plaintiff, his counsel, and Defendant's counsel achieved a settlement agreement in a settlement conference before the undersigned on January 10, 2023. *Id*. However, at the settlement conference Plaintiff alleges that the undersigned emphasized that all previous defendants sued by Plaintiff had previously been dismissed by the Fifth Circuit and were now "gone." *Id*. Yet, Plaintiff alleges that when he reviewed the Confidential Settlement and Release Agreement tendered by the defendants, all previous defendants' names (including current defendant, N'Gai Smith) were apart of the settlement and release. *Id*.

2

Plaintiff contends that this inclusion of previous defendants was contrary to the assurances on the record that these defendants had already been dismissed. *Id*. Based on these events, Plaintiff avers that he could not in good faith sign the Settlement Agreement.

**II.    Standard of Review**

Federal law determines whether a settlement agreement is valid "where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Under federal law, settlement agreements are contracts. *Guidry v. Halliburton Geographical Services, Inc*., 976 F.2d 938, 940 (5th Cir. 1992). A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance. *See Courtney v. Andersen*, 264 F. App'x 426, 430 (5th Cir. 2008); *Lopez v. Kempthorne*, No. H–07–1534, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010) (citing *Triche v. Louisiana Ins. Guaranty Assoc*., No. 08–3931, 2010 WL 891000, at *5 (E.D. La. Mar. 5, 2010); *Turner Marine Fleeting, Inc. v. Quality Fab and Mechanical, Inc.*, No. Civ.A.02–0091, 2002 WL 31819199, at *4 (E.D. La. Dec.13, 2002)). "If a party to a [federal] suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement." *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).

**III.    Analysis**

Here, the Plaintiff does not dispute that a settlement was reached on January 10, 2023. However, Plaintiff takes issue with the fact that defendants that were previously dismissed by the Fifth Circuit (the City of New Orleans, Mayor Latoya Cantrell, French Market Corporation, Rhonda Sidney, Robert Matthews, and Deputy City Attorney Elizabeth Robins) were named in the settlement agreement on January 10, 2023.

The Fifth Circuit has held that "a motion to enforce a settlement agreement cannot be granted to enforce a term that is not included in the settlement at issue." *Sunshine Kids Found. v. Sunshine Kids Juvenile Prods., LLC*, 540 F. App'x 402, 403 (5th Cir. 2013). The record reflects that the Fifth Circuit upheld the District Judge's ruling, with the exception of the hostile work environment claim. Therefore, the

hostile work environment claim against N'Gai Smith was the only claim at issue during settlement negotiations, as the other claims against the other defendants had been dismissed. As such, the previously dismissed defendants were not apart of the settlement terms, yet were named in the settlement agreement.

The Court finds that enforcing a settlement agreement to include defendants that had been previously dismissed would be done in error. Thus, the Court recommends that the parties should be instructed to modify the settlement agreement to name the correct defendant: N'Gai Smith, as the hostile work environment claim was the only claim at issue during the settlement.

## IV.    <u>Recommendation</u>

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion to Enforce Settlement (R. Doc. 99)** be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Defendants be ordered to remove the previously dismissed parties from the proposed release agreement, namely: Mayor Latoya Cantrell, City of New Orleans, French Market Corporation, Kathleen Turner, Rhonda Sidney, Robert Matthews, and Elizabeth Robins.

**IT IS FURTHER RECOMMENDED** that the parties should be instructed to modify the settlement agreement **no later than fourteen (14) days** from the issue of this Court's order to name the correct defendant: N'Gai Smith.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that

the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 26<u>rd</u> day of June 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. ⸫ 636(b)(1) was amended to extend the period to fourteen days.