UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY WOODS | CIVIL ACTION |
| VERSUS | No. 20-482 |
| LATOYA CANTRELL ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is defendant N'Gai Smith's ("defendant") motion for summary judgment.[1] *Pro se* plaintiff Anthony Woods ("plaintiff") opposes the motion.[2] For the reasons that follow, the Court grants defendant's motion for summary judgment.

### I. BACKGROUND

This case arises from plaintiff's employment with the French Market Corporation ("French Market") and his subsequent termination. The Court previously set forth the procedural history of this case and need not repeat it in full.[3] The facts relevant to the determination of the instant motion for summary judgment, as stated in plaintiff's complaint, are as follows. Plaintiff alleges that he was terminated from his position at French Market on August 23, 2019.[4] On August 26, 2019, plaintiff appealed his termination to the Civil Service Commission ("the Commission") for the City of New Orleans.[5]

---

[1] R. Doc. No. 112.
[2] R. Doc. No. 139.
[3] R. Doc. No. 74.
[4] R. Doc. No. 1, at 5.
[5] *Id.*

The case was terminated after an attorney for the City of New Orleans, a dismissed defendant in this matter, allegedly fraudulently represented that an agreement had been reached with plaintiff.[6] Plaintiff was subsequently assigned a new appeal.[7] On November 21, 2019, the Commission held a hearing on his appeal.[8]

Plaintiff's complaint asserts that he exhausted his administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") and receiving a notice of right to sue letter.[9] Plaintiff filed his complaint with the EEOC on October 21, 2019.[10] The EEOC mailed plaintiff a notice of his right to sue on November 13, 2019.[11] The notice from the EEOC states "that the EEOC is unable to conclude that the information obtained establishes violations of the statute. This does not certify that [plaintiff] is in compliance with the statutes."[12] Plaintiff filed his complaint in this Court on February 11, 2020.[13]

This Court previously issued an order dismissing all of plaintiff's federal claims, finding that plaintiff's allegations did not constitute cognizable, triable claims.[14] Plaintiff appealed this Court's judgment to the U.S. Fifth Circuit Court of

---

[6] *Id.* at 6.
[7] *Id.* at 7.
[8] *Id.* As noted by the parties and the Court in its previous order, the Commission had not ruled on this appeal at the time of this Court's previous order. R. Doc. No. 74, at 10 n.68. The Court has not been made aware of any ruling by the Commission that would be relevant to this matter.
[9] R. Doc. No. 1, at 12.
[10] R. Doc. No. 139-1, at 11.
[11] *Id.* at 10.
[12] *Id.*
[13] R. Doc. No. 1.
[14] R. Doc. No. 74.

Appeals. The Court of Appeals affirmed on all counts except one. Specifically, the Fifth Circuit found that plaintiff had stated an actionable claim of hostile work environment by pleading that his supervisor, defendant, "called him a 'Lazy Monkey A__ N___' in front of his fellow employees. *Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022). Accordingly, this claim against defendant is the only claim remaining in this action.

Defendant filed a motion for summary judgment, arguing that plaintiff did not timely file his complaint with the EEOC and that plaintiff cannot establish a hostile work environment claim.[15] In response, plaintiff argues that his EEOC complaint was timely filed and that his allegations are factually sufficient to support a hostile work environment claim.[16]

## II.   STANDARDS OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out

---

[15] *See generally* R. Doc. No. 112-1.
[16] *See generally* R. Doc. No. 139-1.

3

the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

## III.   ANALYSIS

As mentioned, the only claim that remains in this action is the hostile work environment claim against defendant in which plaintiff alleges that defendant called him a "Lazy Monkey A__ N___" in front of his fellow employees. Defendants argue that this claim is time barred.

"When an employment discrimination claim is brought in a deferral state, an aggrieved employee must file a claim with the designated state agency [responsible for the administration of complaints of employment discrimination] or the EEOC within 300 days of the alleged unlawful employment action." *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013). Louisiana is a "deferral state." *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007).

"Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300–day time period after the discrete discriminatory act occurred." *Id.* "[A] suit based upon the untimely charge should be dismissed." *Kirkland*, 547 F. App'x at 572 (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476–77 (5th Cir.1991)).

"[The Fifth Circuit has] recognized at least three circumstances where failure to timely file may be excused under the equitable tolling doctrine: (1) a suit is pending between the parties in the incorrect forum; (2) the claimant is unaware of facts supporting [his] claim because the defendant intentionally concealed them; and (3)

5

the claimant is misled by the EEOC or designated state agency about [his] rights." *Id.* "The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)).

The Court notes that plaintiff in this matter is proceeding *pro se*. "Federal courts, [the Fifth Circuit] included, have a 'traditional disposition of leniency toward *pro se* litigants.'" *Davis v. Fernandez,* 798 F.3d 290, 293 (5th Cir. 2015). "Of course, this is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do." *Id.* (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).

In this action, plaintiff testified at his deposition that defendant's comment, which serves as the basis for his only remaining claim, was made on June 22, 2018,[17] and he submitted an internal grievance form on June 29, 2018.[18] Plaintiff did not file a claim with the EEOC until October 21, 2019. At that point, the 300-day filing period had expired.

Plaintiff argues that his complaint was timely filed with the EEOC because the alleged misconduct occurred between January 1, 2018 and August 23, 2019.[19] However, as mentioned, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. Because only one claim remains before this Court, the timing of the other alleged acts

---

[17] R. Doc No. 112-2, at 18.
[18] R. Doc No. 112-3, at 1.
[19] R. Doc. No. 139-1, at 5.

is not relevant to this motion. Accordingly, plaintiff's hostile work environment claim against defendant is time-barred.

Additionally, while plaintiff has not asserted equitable tolling applies, nothing in the record indicates that the failure to timely file was excused by equitable tolling. Plaintiff's lawsuit was not filed in the incorrect forum. There is no evidence that defendant intentionally concealed facts supporting plaintiff's claims. The record does not indicate that the EEOC mislead plaintiff about his rights.[20] Even extending the traditional leniency toward plaintiff, *see Davis,* 798 F.3d at 293, plaintiff has not identified specific facts that establish a genuine issue. *See Little*, 37 F.3d at 1075–76.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED.** Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 18, 2023

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[20] Because the claim is time-barred, the Court need not address whether plaintiff has sufficient evidentiary support for his claim.